NO. 07-04-00405-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 11, 2004

______________________________

IN RE DAVID L. JONES AND ALICE REDEKER, RELATORS

_________________________________

Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS

Relators David Lee Jones and Alice Redeker seek a writ of mandamus requesting that we order the Honorable Felix Klein, Judge of the
 154th District Court of Lamb County, to vacate his order of April 23, 2004, denying their motion to compel discovery.  In response, among other things, real party in interest, William B. Jones, Jr. contends that relators have not demonstrated that the denial of their motion to compel discovery constituted a clear abuse of discretion by the trial court.  For the reasons set forth, we deny the requested relief.

Although the discovery rules encourage trial courts to limit discovery to avoid undue burdens in production, real party had the burden in the trial court to produce some evidence to support his request for protection.  In re Alford Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex. 1999).  Here, relators are entitled to mandamus relief  “only to correct a trial court’s clear abuse of discretion when no adequate remedy at law exists.”  
In Re Alford Chevrolet-Geo,
 997 S.W.2d at 176.  In our review, regarding factual matters, as an appellate court we may not substitute our judgment for that of the trial court.  Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1992);  In re Energas Co., 63 S.W.3d 50, 51 (Tex. App.--Amarillo 2001, orig. proceeding).  Therefore, in determining whether mandamus should issue, we must focus on the record that was before the trial court and decide whether the decision was not only arbitrary but also amounted to a clear and prejudicial error of law.  In re Bristol-Meyers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998). 

The April 23, 2004 order of the trial court which relators challenge provides in part:

After hearing the evidence and argument of counsel, the Court finds that Plaintiffs’ Motion to Compel Discovery should be in all things denied.

Although the order indicates that relators’ motion was denied after the trial court heard evidence, the record presented here does not include a reporter’s record of the hearing or an authenticated transcript of the relevant testimony per Rule 52.7(a)(2) of the Texas Rules of Appellate Procedure.  Moreover, relators’ fact statement in their petition is not supported by a verified affidavit as required by Rule 52.3.  Because we have not been provided with a record of the evidence heard by the trial court, we are unable to determine whether the denial of relators’ motion was a clear abuse of discretion by the trial court.  

Accordingly, the petition for writ of mandamus is denied.

Don H. Reavis

     Justice